Revised December 3, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Clay Lee Jones, on behalf of
himself and all others similarly situated,

Plaintiff(s),

-v-

Locanut, Inc.,

Defendant(s).

CIVIL ACTION NO.: 25Civ09878( JHR ) (SLC)

**REPORT OF RULE 26(f) CONFERENCE AND
PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual

Practices, the parties met on 4/23/2026 (at least one week before the Initial Case

Management Conference) and exchanged communications thereafter. The parties now submit

the following report for the Court's consideration:

1.    **The Court's Expectations:**

**Rule 1, Rule 26(b)(1), and 26(f)(3).** Counsel are expected to have reviewed Federal Rules
of Civil Procedure 1, 26(b)(1), and 26(f)(3) and considered their obligations thereunder in
discussing and preparing a discovery plan. As of December 1, 2025, counsel are deemed
to be aware of the amendment to Rule 26(f)(3)(D) regarding the timing and method for
assertion of claims of privilege or of protection as trial-preparation materials.[1]

**Additional consideration of proportionality.** Counsel shall discuss and consider whether
phased or iterative discovery will increase efficiency, reduce costs and lead to a faster
resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34
and 26(g) and consider and discuss ways to ensure compliance and minimize disputes
regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their

---

[1] "A discovery plan must state the parties' views and proposals on any issues about claims of privilege or of
protection as trial-preparation materials, including the timing and method for complying with Rule
26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to
ask the court to include their agreement in an order under Federal Rule of Evidence 502[.]" Fed. R. Civ. P.
26(f)(3)(D).

1

clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

**2.      Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s):   Plaintiff is a blind, visually-impaired and handicapped person and a member of a protected class of individuals under the ADA and NYCHRL. Defendant is and was at relevant times a corporation doing business in NY and Defendant's website is a public accommodation within the definition set forth in Title III of the ADA. Defendant offers the commercial website www.locanut.com to the public. The website offers features including, but not limited to, goods and services for purchase. It is Defendant's policies and procedures to not offer Plaintiff and all other blind and visually-impaired users access to its website in its failure to remove access barriers to its website which disabled consumers could access with the use of special software programs designed for visually-impaired persons to view and access public websites. Plaintiff attempted to access Defendant's website on multiple occasions using this software, but was unable to do so due to Defendant's website barriers which fail to allow disabled persons the ability to access its site using the necessary disability software. These access barriers have denied Plaintiff full and equal access to Defendant's website.

Defendant(s):      Assuming arguendo, the alleged technical violations identified in the Complaint exist (they do not ), Plaintiff was not genuinely prevented from patronizing Defendant's Website, Plaintiff also calls into question whether they have established the requisite "reasonable inference" of an intent to patronize Defendant's Website.

**3.      Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

Plaintiff asserts this Court has subject matter jurisdiction over this action under 28 U.S.C.

§1331 and 24 U.S.C. §12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. 1281 et seq. and 28 U.S.C. §1332. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claim under New York City Human Rights Law, N.Y.C. Admin. Code §8-101 et seq.

Defendants' Position: If federal question jurisdiction exists, the court has discretion whether to retain supplemental jurisdiction over related state-law claims, even if it has dismissed all federal claims. By contrast, a district court has no such discretion when it properly dismisses, pursuant to Rule 12(b)(1), all federal claims.

**4.      Subjects on Which Discovery May Be Needed:**

Plaintiff(s):   Plaintiff needs fact and expert discovery regarding Defendant's efforts and policies regarding its website's compliance with relevant accessibility standards.

Defendant(s):   Plaintiff's litigation history, and Title III standing to sue.

**5.      Informal Disclosures:**

Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil

Procedure on 4/23/2026 . On 5/8/2026 , Plaintiff[s] [produced/will produce] an initial set

of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement

[its/their] production.

Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of

Civil Procedure on 4/23/2026 . On 5/8/2026 , Defendant[s] [produced/will produce] an

initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

**6.      Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

A.      All fact discovery must be completed by 9/10/2026                                             .

No later than **one week after** the close of fact discovery, that is, by 9/17/2026 , the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B.      The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

i.      Depositions: Depositions shall be completed by 9/10/2026 and limited to no more than 2 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

ii.      Interrogatories: Initial sets of interrogatories shall be served on or before 5/31/2026 . All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

iii.      Requests for Admission: Requests for admission must be served on or before 5/31/2026 , and in any event no later than 30 days before the fact discovery deadline.

iv.      Requests for Production: Initial requests for production were/will be exchanged on 5/31/2026 and responses shall be due on 6/31/2026 . All subsequent requests for production must be served no later than 30 days

3

before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

C.    **Timing and Method for Claiming Privilege or Protection as Trial-Preparation Materials under Rule 26(b)(5)(A):**

**7.    <u>Anticipated Discovery Disputes</u>:**

Describe any anticipated discovery disputes or proposed limitations on discovery.

**8.    <u>Amendments to Pleadings</u>:**

a.    Does any party anticipate amending the pleadings?_____.

b.    Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) <u>531/2026</u>. Amendment of pleadings after this date will be permitted only on a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

**9.    <u>Expert Witness Disclosures</u>:**

a.    Does any party anticipate utilizing experts? Yes_____.

b. Expert discovery shall be completed by .
1/15/2027
No later than one week after the close of expert discovery, that is, by 1/21/2027 the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10.** **Electronic Discovery and Preservation of Documents and Information:**

   a.  Have the parties discussed discovery of electronically stored information (ESI)?
       Yes. Parties to defer to FRCP

   b.  Is there an ESI discovery protocol in place? If not, the parties expect to have one
       in place by n/a .

   c.  Are there issues the parties would like to address concerning preservation of
       evidence and/or ESI discovery at the Initial Case Management Conference?

**11.** **Early Settlement or Resolution:**

The parties (have) have not (circle one) discussed the possibility of settlement.  The parties

request a settlement conference by no later than 10/31/2026 . The following information

is needed before settlement can be discussed:

**12.** **Trial:**

   a.  The parties anticipate that this case will be ready for trial by 2/15/2027 .

   b.  The parties anticipate that the trial of this case will require 1-2 days.

   c.  The parties do, (do not) (circle one) consent to a trial before a Magistrate Judge at
       this time.

   d.  The parties request a (jury) bench (circle one) trial.  Defendant requests bench trial

**13.** **Other Matters:**

   a.  **Fed. R. Evid. 502(d)**. The disclosure of documents or information (electronic or
       otherwise) subject to the attorney-client privilege, the work product doctrine, or
       other privilege or immunity from production shall not operate as a waiver of that
       privilege or immunity in this case or in any other federal or state proceeding. This
       paragraph shall be interpreted to provide the maximum protection permitted by
       Fed. R. Evid. 502(d).

Respectfully submitted this ___23___ day of ___April_____.

ATTORNEYS FOR PLAINTIFF(S)

/S/ Rami Salim
_____

ATTORNEYS FOR DEFENDANT(S):

/s/Jason Mizrahi
_____

Dated:        New York, New York
              _____, 20___

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**